# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WILLIAM STANLEY, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>PATRIOT INSPECTION SERVICES, INC.,<br><br>    Defendant. | Case No. 6:20-cv-00283<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. William Stanley (Stanley) brings this lawsuit to recover unpaid overtime wages and other damages from Patriot Inspection Services, Inc. (Patriot) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act (PMWA), *see* 43 P.S. § 33.101 *et seq.*

2. Stanley worked for Patriot as a Welding Inspector, Coating Inspector, and Film Auditor in Canton, Pennsylvania.

3. Stanley and the Putative Class Members (defined below) regularly worked more than 40 hours a week.

4. But Patriot did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, Patriot pays its Inspectors a flat amount for each day worked (a "day rate") without overtime compensation.

6. Patriot never paid Stanley or the Putative Class Members a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because Patriot maintains its headquarters in this District and Division.

11. Indeed, Patriot maintains its headquarters in Mexia, Texas.

## PARTIES

12. Stanley worked for Patriot as a Welding Inspector, Coating Inspector, and Film Auditor from approximately May 2018 until October 2018 in Canton, Pennsylvania.

13. Throughout his employment, Patriot paid Stanley a flat daily rate for each day worked regardless of the total hours worked in a work week ("day rate pay plan").

14. Stanley's consent to be a party plaintiff is attached as Exhibit 1.

15. Stanley brings a FLSA collective action on behalf of himself and all other Patriot's Day Rate Workers who were paid according to Patriot's day rate pay plan.

16. Patriot paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek.

17. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All workers who worked for, or on behalf of, Patriot that Patriot paid according to its day rate pay plan at any time in the last 3 years (the "FLSA Day Rate Workers").**

18. Stanley also seeks class certification of an additional class under Fed. R. Civ. P. 23 under the PMWA as follows:

> **All workers who worked for, or on behalf of Patriot in Pennsylvania that Patriot paid according to its day rate pay plan at any time in the last 3 years (the "Pennsylvania Day Rate Workers").**

19. The FLSA Day Rate Workers and the Pennsylvania Day Rate Workers are referred to collectively as the Day Rate Workers.

20. The Day Rate Workers can be readily ascertained from Patriot's records.

21. Patriot may be served with process by serving its registered agent: **George Gordon, 1310 East Milan Street, Mexia, Texas 76667**.

## FLSA COVERAGE

22. At all relevant times, Patriot has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, Patriot has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, Patriot has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

25. At all relevant times, Patriot has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

26. In each of the past 3 years, Patriot's annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

27. At all relevant times, Stanley and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

28. Patriot uniformly applied its policy of paying its Inspectors, including Stanley, a day rate with no overtime compensation.

29. Patriot applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

30. By paying its Inspectors a day rate with no overtime compensation, Patriot violated (and continues to violate) the FLSA and PMWA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

31. As a result of Patriot's day rate pay plan, Stanley and the Day Rate Workers do not receive overtime as required by the FLSA and PMWA.

32. Patriot's day rate pay plan is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

33. Patriot "provid[es] top inspection and consultant talent … [to] the world's leading oil companies."[1]

34. To complete its business objectives, Patriot hires personnel, such as Stanley, to perform a variety of inspection services for certain oil and gas companies.[2]

35. Many of these individuals worked for Patriot on a day rate basis (without overtime pay).

36. These workers make up the proposed collective of Day Rate Workers.

37. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

38. For example, Stanley worked for Patriot as a Welding Inspector, Coating Inspector, and Film Auditor from approximately May 2018 until October 2018 in Canton, Pennsylvania.

---

[1] https://patriotinsp.com/services/ (last visited April 8, 2020).
[2] *Id.* (advertising Chief Inspectors, Production Facility Consultant, Welding Inspectors, Project Managers, NACE Coating Inspectors, I&E Inspectors, Material Expeditors, Tank Inspectors, Safety Inspectors, Utility Inspectors, Office Managers, and "Specialty [I]nspectors … upon request.")

39. Throughout Stanley's employment with Patriot, Patriot paid him on a day rate basis.

40. Stanley and the Day Rate Workers work for Patriot under its day rate pay plan.

41. Stanley and the Day Rate Workers do not receive a salary to be exempt under the FLSA and PMWA.

42. If Stanley and the Day Rate Workers did not work, they did not get paid.

43. Stanley and the Day Rate Workers do not receive overtime pay.

44. This is despite the fact Stanley and the Day Rate Workers often work for 12-14 hours a day, for up to 7 days a week, for weeks at a time.

45. Although Stanley and the Day Rate Workers typically worked up to 7 days a week, for 12-14 hours a day, they did not receive any overtime pay.

46. Stanley and the Day Rate Workers received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

47. Stanley's work schedule is typical of the Day Rate Workers.

48. Patriot knows Stanley and the Day Rate Workers work for 12-14 hours a day, for up to 7 days a week.

49. Patriot's records reflect the fact that Stanley and the Day Rate Workers regularly work far in excess of 40 hours in certain workweeks.

50. Patriot does not pay Stanley or the Day Rate Workers overtime for hours worked in excess of 40 in any of those weeks.

51. Instead, Patriot pays Stanley and the Day Rate Workers on a day rate basis.

52. Stanley and the Day Rate Workers are not employed on a salary basis.

53. Stanley and the Day Rate Workers do not, and have never, received guaranteed weekly compensation from Patriot irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

54. Patriot's policy of paying Stanley and the Day Rate Workers a day rate with no overtime compensation violates the FLSA and PMWA because it deprives Stanley and the Day Rate Workers of overtime for the hours they work in excess of 40 hours in a single workweek.

55. Patriot knew Stanley and the Day Rate Workers worked more than 40 hours in a week.

56. Patriot and/or its clients control Stanley and the Day Rate Workers' work.

57. Patriot requires Stanley and the Day Rate Workers to follow Patriot and/or its clients' policies and procedures.

58. Stanley and the Day Rate Workers' work must adhere to the quality standards put in place by Patriot and/or its clients.

59. Stanley and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

60. As a Welding Inspector, Coating Inspector, and Film Auditor, Stanley was responsible for ensuring Patriot and/or its clients' projects were safely completed according to the established guidelines, specification, and restrictions set by Patriot and/or its clients.

61. All of the Day Rate Workers perform similar duties, inspecting projects and ensuring they are safely completed according to the established guidelines, specification, and restrictions set by Patriot and/or its clients.

62. The Day Rate Workers' primary duty is inspecting oil and gas related projects in the oilfield for oil and gas companies. This requires the use of their hands, requires them to wear personal protective equipment, and is physically exhausting.

63. The Day Rate Workers perform manual labor out in the elements.

64. As a result, the Day Rate Workers do not exercise independent judgment or discretion as to matters of significance.

65. Stanley's working relationship with Patriot is similar to Patriot's relationship with its other Day Rate Workers.

66. The Day Rate Workers do not manage general business operations of Patriot or its clients.

67. Patriot knew, or showed reckless disregard for whether, the Day Rate Workers were entitled to overtime under the FLSA and PMWA.

68. Nonetheless, Patriot failed to pay Stanley and the Day Rate Workers overtime.

69. Patriot knowingly, willfully, or in reckless disregard carried out this illegal day rate pay plan that deprived Stanley and the Day Rate Workers of overtime compensation in violation of the FLSA and PMWA.

70. Patriot's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

71. Patriot willfully violated the FLSA.

## CAUSE OF ACTION
## FLSA VIOLATION

72. Patriot's day rate pay plan violates the FLSA because Stanley and the other Day Rate Workers did not receive overtime pay for hours they worked in excess of 40 in a week.

73. Patriot knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

74. Patriot's failure to pay overtime compensation to the Day Rate Workers was not based on any reasonable interpretation of the law.

75. Nor was Patriot's decision not to pay its Day Rate Workers overtime made in good faith.

76. Accordingly, Stanley and the Day Rate Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

## CAUSE OF ACTION
## PMWA VIOLATION

77. Stanley brings his claim under the PMWA as a Rule 23 class action.

78. The conduct alleged violates the PMWA.

79. At all relevant times, Patriot was subject to the requirements of the PMWA.

80. At all relevant times, Patriot employed Stanley and the Pennsylvania Day Rate Workers as "employees" within the meaning of the PMWA.

81. The PMWA requires employers like Patriot to pay employees at 1.5 times their regular rate of pay for hours worked in excess of 40 in any week.

82. Stanley and the Pennsylvania Day Rate Workers are entitled to overtime under the PMWA.

83. Patriot has and has had a policy and practice (its day rate pay plan) that failed to pay Stanley and the Pennsylvania Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

84. Stanley and the Pennsylvania Day Rate Workers seek unpaid overtime in amount equal to 1.5 times their regular rates of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

85. Stanley and the Pennsylvania Day Rate Workers also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Patriot, as provided by the PMWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

86. Stanley brings this claim as a class and collective action under the FLSA and PMWA.

87. The Day Rate Workers were victimized by Patriot's day rate pay plan which is in willful violation of the FLSA and PMWA.

88. Other Day Rate Workers worked with Stanley and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

89. Based on his experiences with Patriot, Stanley is aware that Patriot's illegal day rate pay plan was imposed on the Day Rate Workers.

90. The Day Rate Workers are similarly situated in all relevant respects.

91. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

92. The illegal day rate pay plan Patriot imposed on Stanley was imposed on all Day Rate Workers.

93. Like Stanley, the other Day Rate Workers are denied overtime when they work more than 40 hours per week.

94. The overtime owed to Stanley and the Day Rate Workers will be calculated using the same records and the same formula.

95. Stanley's experiences are therefore typical of the experiences of the Day Rate Workers.

96. The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

97. Stanley has no interest contrary to, or in conflict with, the Day Rate Workers that would prevent class or collective treatment.

98. Like all Day Rate Workers, Stanley has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

99. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

100. Absent a class or collective action, many Day Rate Workers will not obtain redress of their injuries, and Patriot will reap the unjust benefits of violating the FLSA and PMWA.

101. Further, even if some of the Day Rate Workers could afford individual litigation against Patriot, it would be unduly burdensome to the judicial system.

102. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Workers, as well as provide judicial consistency.

103. The questions of law and fact that are common to each Day Rate Worker predominate over any questions affecting solely the individual members.

104. Among the common questions of law and fact are:

    a. Whether Patriot's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

    b. Whether Patriot's violation of the FLSA was willful; and

    c. Whether Patriot's illegal pay practice applied to the Day Rate Workers.

105. Stanley and the Day Rate Workers sustained damages arising out of Patriot's illegal and uniform employment policy.

106. Stanley knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

107. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Patriot's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective treatment.

108. Consistent with Patriot's illegal day rate policy, Stanley and the Day Rate Workers were not paid overtime when they worked more than 40 hours in a workweek.

109. As part of their regular business practices, Patriot intentionally, willfully, and repeatedly applied its day rate pay plan to Stanley and the Day Rate Workers.

110. Patriot's illegal day rate pay plan deprived Stanley and the Day Rate Workers of the premium overtime wages they are owed under federal law.

111. Patriot is aware, or should have been aware, that the FLSA required it to pay Stanley and the Day Rate Workers overtime premiums for hours worked in excess of 40 in a workweek.

112. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

113. The other Day Rate Workers are known to Patriot, are readily identifiable, and can be located through Patriot's records.

### JURY DEMAND

Stanley demands a trial by jury.

### RELIEF SOUGHT

Wherefore, Stanley prays for:

(a) an order allowing Stanley's FLSA claims to proceed as a collective action and directing notice to the other Day Rate Workers pursuant to § 216(b) of the FLSA;

(b) judgment finding Patriot in violation of the FLSA and PMWA;

(c) judgment finding Patriot liable to Stanley and the Day Rate Workers for unpaid overtime, and an equal amount of liquidated damages;

(d) judgment awarding Stanley and the Day Rate Workers reasonable attorneys' fees and costs of this action;

(e) judgment awarding Stanley and the Day Rate Workers pre- and post-judgment interest at the highest rates allowed by law; and

(f) such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Taylor A. Jones**
    Texas Bar No. 24107823
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**