IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **WILLIAM STANLEY,** | § | |
| *Plaintiff,* | § | |
| | § | **6-20-CV-00283-ADA** |
| v. | § | |
| | § | |
| **PATRIOT INSPECTION SERVICES, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER APPROVING JOINT MOTION OF CONFIDENTIAL SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Before the court is the Joint Motion to Approve Confidential Settlement Agreement and Dismissal with Prejudice filed by Plaintiff William Stanley, individually and for other all others similarly situated and Defendant Patriot Inspection Services, Inc. ECF No. 18. For the reasons described herein, the Courts find that the Motion should be **GRANTED**.

### I. LEGAL STANDARD

The Fifth Circuit recognized in *Martin v. Spring Break '83 Productions, L.L.C.* that not every FLSA settlement requires court approval because "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." 688 F.3d 247, 255 (5th Cir. 2012). Other courts in this circuit have reviewed proposed settlement agreements for "fair and reasonable resolution of a bona fide dispute" upon request of the parties. *See Trevino v. Colt Oilfield Services, LLC,* No. 5:18-CV-01304-FB-RBF, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019). When evaluating proposed FLSA settlement agreements, Courts in this circuit post-*Martin* continue to use the *Lynn's Food Stores* approach. Under *Lynn's Food Stores*, "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a

stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Under *Lynn's Food Stores*, the Court must determine that a settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355). This Court is persuaded by method used in *Lynn's Food Stores* and other followed by other courts in this District.

The parties request that the court review the settlement agreement for fairness, using factors illustrated in Rule 23 class action settlement claims. In *Genesis v. Symcyk*, The United States Supreme Court made clear that "Rule 23 actions are fundamentally different from collective actions under the FLSA." *Genesis Healthcare Corp. v. Symcyk*, 569 U.S. 1523, 1529 (2013). The Court set forth a threshold determination for settlement of FLSA claims. Courts must ensure that the settlement resolves a "bona fide dispute." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703 (1945). "A preliminary question arises as to whether respondent's release was given in settlement of a bona fide dispute between the parties with respect to coverage or amount due under the [FLSA] or whether it constituted a mere waiver of his right...." *Sims v. Hous. Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011). The FLSA cases from the Supreme Court further support the *Lynn's Food Stores* approach described above. Accordingly, the Court will review the settlement agreement to determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.3d at 1355.

## II. ANALYSIS

For the reasons described below, the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.3d at 1355.

### A. Bona Fide Dispute

At issue here is whether members of the class were properly compensated for all hours worked. Stanley contends that himself and other workers were not compensated enough. While Patriot contends that the workers were always properly compensated. Furthermore, the parties disagree about the classification of the members of the class. Stanley contends that members of the class are similarly situated. Patriot continues to maintain that members of the class are not similarly situated, and the suits should be tried separately. The Parties also dispute the culpability of Patriot. Thus, under provisions of the FSLA the recoverable period of time for unpaid wages would differ from two to three years based on the parties conflicting positions. As demonstrated by the parties, a bona fide dispute exists over FLSA provisions.

### B. Fair and Reasonable Resolution

The undersigned reviewed the terms of the settlement and concludes that the settlement is fair and reasonable. The Settlement Class Members' attorneys have considerable experience settling FLSA cases. ECF. No. 18 at 12. The settlement reflects an arms' length compromise of the disputed claims. *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008).

## III. CONCLUSION

Pursuant to the Parties' Motion, having been found to constitute a fair and reasonable compromise on a bona fide dispute, the Court is of the opinion that it should be and is hereby **GRANTED**.

Therefore, **IT IS ORDERED** that the Court conditionally certifies the following class for settlement purposes and pursuant to the Original Class and Collective Action Complaint:

> All workers who worked for, or on behalf of, Defendant that Defendant paid according to a day rate plan at any time from September 14, 2017 to September 14, 2020

**IT IS FURTHER ORDERED** that the Parties' Settlement Agreement and proposed Notice, proposed fees and settlement structure to issue to the conditionally certified class is **APPROVED AND AUTHORIZED.**

**IT IS FURTHER ORDERED** that this case and all claims asserted in this case are **DISMISSED WITH PREJUDICE**, with each Party to bear its own costs, except as set forth in the Settlement Agreement.

SIGNED this 26th day of January, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE